91 (REV.5/85) Criminal Complaint    AUSA Nancy L. Miller (312) 353-4224

# UNITED STATES DISTRICT COURT

<u>    NORTHERN    </u> DISTRICT OF <u> ILLINOIS, EASTERN DIVISION </u>

**CRIMINAL COMPLAINT**

UNITED STATES OF AMERICA

v.

VICTOR DAVILA

CASE NUMBER: 05CR 951

FILED
NOV 2 8 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE SCHENKIER

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Beginning no later than 2002 and continuing until approximately June 2004, in the <u>  Northern  </u> District of <u>  Illinois  </u> and elsewhere, defendant did

> conspire with Individual C and with others, known and unknown, to knowingly and intentionally possess with intent to distribute a controlled substance, namely, in excess of 500 grams of a mixture containing cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1),

in violation of Title <u>  21  </u> United States Code, <u>Section 846.</u>

I further state that I am a <u>Special Agent, Bureau of Alcohol, Tobacco and Firearms</u> and that this complaint is based on the following facts:

## See attached affidavit

Continued on the attached sheet and made a part hereof:  <u> X </u> Yes  <u>   </u> No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

<u>November 28, 2005</u>                    <u>Chicago, Illinois</u>
Date                                                  City and State

<u>SIDNEY I. SCHENKIER, U.S. MAGISTRATE JUDGE</u>       _____
Name & Title of Judicial Officer                     Signature of Judicial Officer

**Affidavit**

I, Karl Jorgensen, having been duly sworn, state as follows under oath:

1. I am currently a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for more than 5 years. I am currently assigned to the Chicago Field Division of ATF. Prior to this period I was employed as an Agent with the United States Border Patrol for a period of 5 years, and was involved in the investigation of narcotics and criminal immigration related offenses. For the past 5 years, I have, among other things, investigated the activities of street gangs and narcotic trafficking organizations in the greater Chicago area. In this time, I have participated in over 50 investigations involving the illegal possession, sale and trafficking of firearms, in violation of Title 18, United States Code, Section 922 *et seq*, as well as the illegal possession, distribution and trafficking of narcotics in violation of Title 21, United States Code, Section 841 *et seq*.

2. The information set forth in this Affidavit is based upon my review of criminal history records, discussions with other law enforcement officers, interviews of other individuals, and review of undercover audio tapes. The information outlined below is provided for the limited purpose of establishing probable cause that Victor Davila did conspire with Individual C, and others known and unknown, knowingly and intentionally to possess with the intent to distribute and to distribute a controlled substance, namely, in excess of 500 grams of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 846. This affidavit does not contain all details or all facts of which I am aware relating to this investigation.

3. On September 16, 2003, an ATF confidential informant (hereinafter referred to as "the CI") placed an unrecorded telephone call to Victor Davila ("Davila") under the supervision of ATF Special Agent Joseph Ruzevich in order to make arrangements to purchase a quantity of cocaine. Davila directed the CI to travel to a neighborhood residence belonging to Individual A, and to then wait for his arrival at that location. Special Agent Ruzevich transported the CI to the intersection of 53rd and Sacramento Streets in Chicago. Prior to dropping the CI off at the intersection, Special Agent Ruzevich searched the CI for any items of contraband and found none. The CI was further equipped with a audio recording equipment. From this location, Special Agent Ruzevich observed the informant travel to Individual A's residence. After approximately 20 minutes, the CI contacted Davila via cellular telephone. Davila then told the CI that he (Davila) was near the intersection of 62nd and Pulaski Streets in Chicago traveling to meet with the CI. Approximately 15 minutes later, Davila placed a telephone call to the CI. During this unrecorded conversation, Davila instructed the CI to meet him at his residence.

4. Individual A drove the CI to DAVILA's residence in Individual A's vehicle. The CI met alone with Davila at the residence and after an approximate six-minute time period departed. The CI subsequently met with agents at a predetermined location. At the debrief location, the CI turned over approximately 29.52 grams of suspect cocaine and

the audio recording equipment to SA Ruzevich. A recording of the above described meeting between the CI and Davila was obtained and secured. The suspect substance was subsequently submitted to the Drug Enforcement Administration laboratory for analysis. Analysis results indicate that the substance tested positive for cocaine.

5. The CI further informed SA Ruzevich of the following events that transpired while the CI was at Davila's residence: The CI stated that Davila and the CI met at the residence and Davila showed the cocaine and asked the CI to smell it. Davila also stated to the CI that the cocaine was of good quality. The CI took possession of the cocaine and paid Davila with $750.00 provided to the CI by ATF. After some additional conversation, the CI departed the residence.

6. On January 23, 2004, the CI placed a consensually recorded telephone call to Davila under the supervision of ATF SA Ruzevich in order to make arrangements to purchase a quantity of cocaine. After leaving a voice message on Davila's cellular telephone, the CI traveled to a gas station located near the intersection of 53rd and Albany Streets in Chicago. The CI knew that Davila, as well as other members of the 53rd and Albany section of the Latin Kings street gang, hung out at this location. SA Ruzevich searched the CI for contraband prior to the CI leaving to go to the gas station and found none. The CI was further equipped with audio recording equipment.

7. After leaving the debrief location, the CI related the following information to SA Ruzevich: While waiting at the gas station, the CI met with Individual B. While seated in Individual B's car at the gas station, the CI observed Davila drive his van into the parking lot of the gas station. The CI then debarked Individual B's vehicle and entered Davila's van. While in the van, the CI ordered a one-ounce quantity of cocaine from Davila. Davila informed the CI that he had to go to an unknown location to retrieve the cocaine. The CI waited for Davila at the gas station. Approximately 8 to 10 minutes later, Davila returned to the gas station in the van accompanied by another individual. The CI again entered the vehicle and received the requested one ounce of cocaine from Davila. In exchange for the cocaine, the CI paid Davila with $850.00 in United States currency.

8. The CI subsequently returned to the debrief location where the CI turned over approximately 23 grams of suspect cocaine and the electronic surveillance equipment to SA Ruzevich. A recording of the above described meeting between the CI and Davila was obtained and secured. The suspect cocaine was subsequently submitted to the Drug Enforcement Administration laboratory for analysis. Laboratory analysis results indicated that the substance tested positive for cocaine.

9. Another individual who has been arrested in this investigation, Individual C, indicated in a statement against interest that he had previously had a relationship with Davila from approximately 2002 to approximately June 2004 whereby he was supplied approximately 4.5 ounces of cocaine every three or four days from Davila.

10. Based on the foregoing, affiant believes that there is probable cause to believe that, as alleged in the complaint, Victor Davila conspired to possess with the intent to distribute and to distribute in excess of 500 grams of cocaine, in violation of Title 21, United States Code, Section 846.

_____
Karl Jorgensen, Special Agent
Bureau of Alcohol, Tobacco and Firearms

Subscribed to and sworn to before me this
28nd day of November, 2005

_____
Sidney I. Schenkier
Magistrate Judge
United States District Court